IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
MAY 07 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 13-30270-DRH |
| vs. ) | |
| PHILLIP W. SMITH, ) | |
| Defendant. ) | |

### STIPULATION OF FACTS

Defendant Phillip W. Smith and the United States hereby agree and stipulate as follows:

1. As used herein, and as used in the Indictment, "The term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1).

2. As used herein and in the Indictment, "The term 'commerce' means . . . all commerce between any point in a State . . . and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction." 18 U.S.C. § 1951(b)(3).

3. As used herein and in the Indictment, Ferguson Television and Satellite shop was located in Caseyville, Illinois, within the Southern District of Illinois, and was engaged in interstate commerce, providing its customers with satellite connection services for delivery of satellite television signals from television broadcasts outside the state of Illinois to places within

the state of Illinois. Ferguson Television and Satellite shop also provided television parts and repair services to its customers, who were located in Illinois and Missouri. Ferguson Television and Satellite shop was a sole proprietorship, owned and operated by J.F.

4. On or about November 14, 2013, Defendant entered Ferguson Television and Satellite shop and did knowingly, by robbery, unlawfully take and obtain personal property, consisting of approximately $42 in United States currency, from the person of another – that is, Defendant entered the Ferguson Television and Satellite shop armed with a firearm, which he pointed at J.F., and demanded money from J.F., and by means of robbery, took and obtained personal property consisting of approximately $42 from the person of J.F., against the will of J.F., by means of actual and threatened force, violence, and fear of immediate injury to the person of J.F.

5. The above-mentioned $42 of United States currency was the property of Ferguson Television and Satellite shop.

6. During the course of Defendant's robbery of Ferguson Television and Satellite shop, Defendant possessed, brandished, and discharged the firearm at least nine times, and in doing so, caused J.F. to suffer twelve bodily wounds, which have left permanent scars. The firearm referenced herein and in the Indictment was a 9mm. semi-automatic pistol, which was in working order and was capable of firing a projectile by action of explosive. The Defendant knowingly possessed, brandished, and discharged the firearm in the robbery referenced herein and in the Indictment. Defendant's possession, brandishing, and discharge of the firearm were in furtherance of a crime of violence for which Defendant may be prosecuted in the United States – that is, Interference with Commerce by means of Robbery, in violation of Title 18, United States Code, Section 1951, as charged in Count 1 of the Indictment.

7. Due to J.F.'s injuries suffered during the course of the robbery, Ferguson Television and Satellite shop was forced to be closed for business for approximately for approximately two months – from November 14, 2013, through approximately January 15, 2014 – resulting in loss of business income for Ferguson Television and Satellite shop. Additionally, Defendant, by his robbery, deprived Ferguson Television and Satellite shop of $42 of United States currency. Thus, Defendant's robbery of Ferguson Television and Satellite shop obstructed, delayed, and affected commerce, as that term is defined in Title 18, United States Code, Section 1951.

8. On November 14, 2013, Defendant knowingly possessed nine rounds of 9mm. R.P. Luger ammunition, which Defendant used to fire at J.F. from the above-mentioned semi-automatic firearm. This ammunition had been manufactured outside the state of Illinois and therefore traveled in interstate commerce before Defendant's possession of the ammunition on November 14, 2013.

9. Defendant was convicted of a felony on or about October 27, 2003 – namely, Possession of a Firearm by a Felon, in violation of Title 18, United States Code, Section 922(g)(1), in the Southern District of Illinois, Case No. 03-CR-30051-GPM.

_____  
PHILLIP W. SMITH  
Defendant  

_____  
JUDITH KUENEKE  
Attorney for Defendant  

Date: 5-7/14

STEPHEN R. WIGGINTON  
United States Attorney  

_____  
STEPHEN B. CLARK  
Assistant United States Attorney  

Date: 5/7/14

3